# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KATHLEEN G. MAHONEY,**
**Claimant Below, Petitioner**

**FILED**

July 20, 2018

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 18-0277** (BOR Appeal No. 2052253)
            (Claim No. 2017022339)

**ARMSTRONG FLOORING, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Kathleen G. Mahoney, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Armstrong Flooring, Inc., by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 27, 2018, in which the Board affirmed an October 10, 2017, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 5, 2017, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Mahoney, a grader/nester, alleges that she developed left elbow lateral epicondylitis in the course of and resulting from her employment. Ms. Mahoney previously submitted an application, in a separate claim, for right elbow lateral epicondylitis. The application was initially rejected but then reversed and held compensable by the Office of Judges on August 24, 2017.

On November 4, 2016, a treatment note by Richard Topping, M.D., indicates Ms. Mahoney was seen for right elbow pain. She reported some numbness in her entire arm. Dr.

1

Topping diagnosed lateral epicondylitis. Ms. Mahoney underwent surgery to treat the condition on November 8, 2016. The pre and post-operative diagnosis was right tennis elbow.

Ms. Mahoney testified in a deposition on December 14, 2016, that she first noticed symptoms in her right arm in March of 2015. She had injections but only the first one worked. She underwent surgery in November of 2016, which provided some relief but she was still having pain when lifting anything. Ms. Mahoney testified that she underwent carpal tunnel release in her left wrist in 2001. She also stated that she had not returned to work since October 13, 2016

Ms. Mahoney next saw Dr. Topping on December 15, 2016. She reported that she fell while walking her dog and was experiencing increased pain in her right elbow. Dr. Topping noted that the surgical incision was well healed and referred her to physical therapy. A December 21, 2016, treatment note from Elkins Physical Therapy and Sports Injury Clinic indicates Ms. Mahoney was four weeks post right elbow surgery and was still having pain and weakness. By February 8, 2017, she had improvement in her pain and strength. On January 12, 2017, it was noted that Ms. Mahoney reported left elbow pain that had been present for a year, though the right elbow pain was worse. On January 13, 2017, it was noted that she was given an order for the left elbow. On January 20, 2017, she reported tenderness in both elbows and by January 31, 2017, she stated that her left elbow pain was worse than the right.

Dr. Topping treated Ms. Mahoney on January 12, 2017. At that time, she reported that her
right elbow was improving. The left elbow was still painful and it was noted that the symptoms had been present for a year. A left elbow x-ray showed no obvious deformity. Dr. Topping diagnosed left elbow lateral epicondylitis. An Employee's and Physician's report of injury was completed that day alleging an injury to the left elbow from lifting, throwing, and dragging flooring using the left arm only. Dr. Topping completed the physician's section and diagnosed left tennis elbow. Left elbow surgery was performed by Dr. Topping on February 14, 2017, to treat the lateral epicondylitis.

Dr. Topping testified in a deposition on February 16, 2017, that he had treated Ms. Mahoney since 2001, originally for left carpal tunnel syndrome. In March of 2015, she started reporting problems with her right elbow. He diagnosed right lateral epicondylitis and right medial epicondylitis, among other things. He indicated that he had just performed surgery on the left elbow for chronic left epicondylitis. He opined that given her history, a large portion of the causation was due to her occupation. He stated that Ms. Mahoney first reported left elbow symptoms on January 12, 2017.

In a medical record review, Christopher Martin, M.D, opined that Ms. Mahoney's current diagnosis was not the result of her occupational duties. He stated that Dr. Topping diagnosed left lateral epicondylitis on February 13, 2017; however, Ms. Mahoney had not worked since October 13, 2016. He found that since the earlier medical records make no mention of left elbow symptoms, the left lateral epicondylitis appears to have occurred weeks or even months after she stopped working, therefore making an occupational cause highly unlikely. Since Ms. Mahoney

2

denied any acute injury in her deposition, if her condition were work-related, it would have to be the result of repetitive strain and over use. However, there was not enough time for the condition to develop as the result of her occupation because overuse injuries require weeks to months to develop.

The claims administrator rejected the claim on April 5, 2017. The Office of Judges affirmed the decision in its October 10, 2017, Order. In a prior Order in a separate claim, the Office of Judges reversed the claims administrator's rejection of a claim for right lateral epicondylitis and held the claim compensable. In this claim, however, it found that the condition of left lateral epicondylitis was not the result of her employment. It found that the record shows Ms. Mahoney has not worked for the employer since October 13, 2016. A treatment note from Tygart Valley Orthopedics & Sports Medicine dated November 4, 2016, contains no mention of left elbow symptoms. Further, Ms. Mahoney testified in a deposition on December 4, 2016, and made no mention of left elbow symptoms. She was seen by Tygart Valley Orthopedics again on December 15, 2016, and December 21, 2016, and again, no mention was made of left elbow complaints. Further, it was noted that the left elbow range of motion was normal when compared with the right. On December 23, 2016, it was noted that she wished to work on her left elbow since she was already off of work. By January 12, 2017, Ms. Mahoney was reporting left elbow symptoms to Dr. Topping and it is noted that she had left elbow pain for a year, but the right elbow was worse. Dr. Topping testified in a deposition in February of 2017 that Ms. Mahoney underwent left elbow surgery which was largely necessitated by her occupational duties. On cross-examination, he admitted that his first record of left elbow symptoms was on January 12, 2017.

The Office of Judges questioned why, if Ms. Mahoney was suffering from left elbow symptoms prior to October 13, 2016, there are no records showing such. Further, if she was experiencing symptoms in the left elbow, the Office of Judges questioned why no mention was made in the December of 2016 physical therapy intake notes. It also noted that her December of 2016 deposition contains very few references to the left elbow. Dr. Topping's explanation that Ms. Mahoney had symptoms for over a year but he concentrated on the right side because it was worse was not persuasive. The Office of Judges was of the opinion that if Ms. Mahoney had mentioned left elbow symptoms, Dr. Topping would have noted them in his treatment records given that he was treating her for the same condition on the right side. The Office of Judges concluded that the evidence shows that Ms. Mahoney has left lateral epicondylitis but does not show that the condition is related to her work activities given that she ceased working on October 13, 2016, and no mention is made of left elbow symptoms until late December of 2016. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 27, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Mahoney alleges an occupational injury to her left elbow; however, she ceased working on October 13, 2016, due to right elbow complaints, and there is no record of left elbow complaints until December 23, 2016. Further, Dr. Martin's medical record review, in which he opined that the left elbow symptoms were unrelated to her occupation given that the symptoms developed weeks or months after she ceased working, is credible.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 20, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.